ORAL ARGUMENT NOT YET SCHEDULED

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

| | |
|---|---|
| State of Maryland and State of Connecticut, | |
| Petitioners, | |
| v. | No. 14-1490 (L) |
| United States Environmental Protection Agency, | |
| Respondent. | |
| Sierra Club, | |
| Petitioner, | |
| v. | |
| United States Environmental Protection Agency, | No. 14-1501 |
| Respondent. | |

MOTION FOR LEAVE TO FILE SEPARATE BRIEFS

Petitioners the State of Connecticut, State of Maryland, and Sierra Club respectfully move for leave to file two separate briefs, pursuant to Local Rule 28(d).

## Background

On May 21, 2014, the States of Connecticut and Maryland (the "States") filed a petition for review in this Court challenging the U.S. Environmental Protection Agency's ("EPA") final approval and promulgation of Virginia's implementation plan for EPA's 2008 ozone standard, pursuant to section 110(a)(1) & (2) of the Clean Air Act, 79 Fed.Reg. 17,043 (March 27, 2014). Case No. 14-1490, ECF Nos. 1-2. On May 27, 2014, Sierra Club filed a petition for review challenging EPA's approval and promulgation of that Virginia plan. Case No. 14-1501, ECF Nos. 1-2. This Court consolidated the two petitions for review (cases nos. 14-1490 and 14-1501) by order of May 29, 2014. Case No. 14-1490, ECF No. 6. The Court's order directs the petitioners to file consolidated briefs. *Id.*

## Statement of Reasons for Leave to File Separate Briefs

1.     The Sierra Club's petition for review challenges elements within EPA's final decision that are separate and distinct from the determination challenged by the States, and which the States do not intend to challenge.

2.     The States' petition addresses only *inter-state* pollution: emissions from Virginia sources which travel to and significantly contribute

to non-attainment with the 2008 National Ambient Air Quality Standards for ozone in Connecticut and Maryland. Connecticut and Maryland intend to challenge EPA's failure to disapprove the inter-state transport portion of Virginia's State Implementation Plan despite the fact that Virginia failed to include this minimum requirement in its SIP submittal (the "inter-state" issue). 79 Fed. Reg. at 17,044.

3.    The Sierra Club's petition also addresses *in-state* pollution. Sierra Club intends to challenge EPA's failure to "ensure that air pollution levels" in Virginia "meet or are below the levels" of the pertinent ozone standard. 79 Fed. Reg. at 17,045 (the "in-state" issue). Connecticut and Maryland do not intend to address that issue, which does not directly affect air quality in Maryland or Connecticut.

4.    Sierra Club and EPA are in the midst of mediation proceedings regarding that in-state issue. While those mediation proceedings may result in resolution of the in-state issue, they have not yet done so, and are unlikely to do so prior to the July 30, 2014 deadline for opening briefs.

5.    Connecticut and Maryland are each independently subject to the in-state statutory requirements at issue in Sierra Club's petition. A decision in Sierra Club's favor could result in additional regulatory obligations for State petitioners. Those States have not adopted the arguments that Sierra

Club intends to raise, and believe that those arguments could prove politically or otherwise adverse to the States. A combined brief could, to the extent described above, threaten the States' interests.

6.    While the Fourth Circuit does not have an explicit rule permitting government parties to file separate briefs, the D. C. Circuit has recognized the unique position of government entities and permits them to automatically file a separate brief. *See* DC Cir. Rule 28 (d)(4) (providing that a government intervenor need not comply with the standing rule that all intervenors file a single brief). In this case, given the potential for conflict between the positions of the Sierra Club and those of Connecticut and Maryland, the moving parties encourage this Court to permit separate briefs.[1]

7.    There is little, if any, overlap between the inter-state and in-state issues. They implicate different portions of the Clean Air Act. The inter-state issue addressed by the States' petition invokes the requirements of 42 U.S.C. § 7410(a)(2)(D)(i)(I), (c), & (k) (the portions of that section which establish requirements for EPA review of interstate pollution transport provisions within a state's SIP submittal). The in-state issue that the Sierra

---

[1]  Of note, the Court recently granted Virginia's request to intervene in these consolidated proceedings. The Court's order grants EPA and Virginia the right to file separate briefs, presumably for reasons similar to those advocated by the States. No. 14-1490, Doc. 23, at 1.

Club additionally intends to raise relies upon 42 U.S.C. § 7410(a)(1) & (2)(A) (imposing requirements to control in-state pollution). The case-law governing those separate sub-sections is almost entirely distinct. The two petitions occur against entirely separate regulatory backgrounds, and involve different portions of the administrative record.

8.      For these reasons, Petitioners respectfully request leave to file two separate briefs, with no duplication in the legal issues addressed in each: one on behalf of Sierra Club alone, addressing only within-Virginia pollution issues; and one brief addressing only the inter-state pollution issues.[2]

9.      Pursuant to Local Rule 27(a), the undersigned counsel has conferred with counsel for the other parties to this consolidated appeal regarding the intended filing of this Joint Motion.  The EPA and Virginia have informed undersigned counsel that they do not oppose the foregoing motion contingent upon this Court granting those parties "a commensurate number of words" for their response and "sufficient time to respond" with EPA suggesting seventy five to ninety days depending on the length of the opening briefs.  For clarity, the current motion does not seek leave to exceed any page word limit or modify the current briefing schedule.  To the extent

---

[2]  If Sierra Club pursues these issues, it will do so by joining or adopting the arguments made in the States' brief addressing inter-state issues.

the Court were to grant a future motion to exceed a page word limit, the parties to this Joint Motion do not oppose EPA and Virginia being granted a commensurate number of words. At this time, Connecticut takes no position on any future motion to further amend the current briefing schedule, and Maryland opposes any further revision.

For the reasons set forth above, Petitioners respectfully move for leave to file two separate briefs.

Respectfully Submitted,

*/s/ Michael F. Strande*
Michael F. Strande
Assistant Attorney General
Maryland Office of the Attorney General
Maryland Department of the Environment
1800 Washington Boulevard
Suite 6048
Baltimore, Maryland21230
Phone: (410) 537-3421
Fax: (410) 537-3943
Email:
michael.strande@maryland.gov

Counsel for the State of Maryland

/s/ Kirsten S. P. Rigney
Kirsten S. P. Rigney
Assistant Attorney General

6

Connecticut Office of the
Attorney General
55 Elm Street
Hartford, Connecticut 01606
Phone: (860) 808-5250
Fax: (860) 808-5386
Kirsten.Rigney@ct.gov

Counsel for the State of Connecticut


/s/ Sanjay Narayan
SANJAY NARAYAN

*Attorney for Petitioner*
*Sierra Club*


## CERTIFICATE OF SERVICE


I hereby certify that on this 3rd day of July, 2014, the foregoing

Motion for Leave to File Separate Briefs was electronically filed using the

Court's CM/ECF system and that a true and correct copy of the foregoing

Motion for Leave to File Separate Briefs was served electronically through

the CM/ECF system on all registered counsel.


*/s/ Michael F. Strande*
Michael F. Strande